EM-ESS AUTO SERVICE, INCORPORATED, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. THOMAS MURRAY, DEFENDANT-APPELLANT.

Submitted October 14, 1932—Decided March 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *David E. Feldman.*

For the defendant-appellant, *Collins & Corbin (Edward A. Markley,* of counsel).

PER CURIAM.

This is an appeal by the defendant from a judgment against him entered on a jury verdict in the District Court of the Second Judicial District of the county of Hudson.

The case arises out of an automobile collision wherein plaintiff's taxicab collided with the defendant's automobile at the intersection of Ferry and Jefferson streets, Newark. Defendant was driving northerly on Jefferson street. Plaintiff's taxicab was moving westerly on Ferry street. The collision was between the front of plaintiff's taxicab and the rear right portion of defendant's car. The judge, at the end of defendant's proofs, announced that a verdict would be directed in favor of the plaintiff and against the defendant and proceded to charge the jury on the question of damages.

The appellant sets up, first, that the trial court erred in directing a verdict and, second, that the court erred in refusing to permit counsel for the defendant to sum up to the jury relative to the question of damages.

As to the first point, however clear the proof of the defendant's negligence may have been, we find that there was proof of contributory negligence by the plaintiff's driver sufficient to take the case to the jury on that question. The testimony of Policeman Dale was that after the accident the cars were about in the center of the street on the west-bound track; the defendant's car was on the right in the direction it was going, the front being past the west-bound tracks with rear wheels in the center of the westbound track; the front of the plaintiff's car was up against defendant's car—from the right door to the back over the rear wheel of defendant's car. This testimony places the cars, after the accident, in a

position consistent with the proposition that defendant's car had been moving lawfully along the right or westerly side of Jefferson street, was the first to reach the point of intersection and that plaintiff's car ran into the rear portion of defendant's car. Plaintiff's driver testified that before he reached the street intersection he saw defendant's car, seventy-five feet from the intersection, approaching at a speed of thirty-five miles per hour. Whether the plaintiff's driver, knowing of the approach of the defendant's car, was contributorily negligent in his movements from thence forward was, we think, for the jury to determine; and if the question was for the jury then the latter might, of course, have found affirmatively thereon that thus barred the plaintiff's recovery.

We think that the second point is not well taken, for the reason that there was no refusal. The defendant did not ask the privilege of summing up on the question of damages. At the close of the testimony the court announced that a verdict would be directed in favor of the plaintiff and proceeded, without objection from the defendant, to charge the jury. At the end of the charge defendant's attorney said, "I except to the direction of the verdict and also to the fact that I was not allowed to sum up to the jury relative to the damages." Defendant was tardy in suggesting the question of argument. At any rate, there was no "refusal," and it is to that that the point goes.

The judgment below will be reversed for the reason first given and a *venire de novo* awarded, costs to abide the event.